# CORNELIUS WILLIAMS v. BOSTON INSURANCE COMPANY.[1]

December 29, 1916.

Nos. 20,070—(87).

**Fire insurance — vacancy permit —complaint bad.**

Action against insurer for damages because insured was required to pay for vacancy permit attached to fire insurance policy. Demurrer to complaint sustained. [Reporter.]

Action in the district court for Ramsey county to recover $4,000. From an order sustaining a demurrer to the amended complaint, Michael, J., plaintiff appealed. Affirmed

*Cornelius Williams*, pro se.

*Watson & Abernethy*, for respondent.

PER CURIAM.

Plaintiff appeals from an order sustaining a demurrer to his complaint.

It appears from the complaint that defendant issued a fire insurance policy, of the Minnesota standard form, insuring a dwelling house in the city of St. Paul belonging to plaintiff for a period of three years, for which plaintiff paid the prescribed premium of $24, and that subsequently plaintiff paid a further sum for a vacancy permit, which payment was at the rate of $32 per year. Plaintiff claims that he was coerced into making this additional payment by fear that the policy would become void or be canceled, and that the charge was extortionate and a breach of the contract evidenced by the policy. We infer from the complaint that the rate to be charged for vacancy permits had been fixed and prescribed by a rating board organized and acting under chapter 101, p. 133, Laws of 1915, and that defendant refused to issue the vacancy permit, unless plaintiff paid the rate so prescribed. Plaintiff

[1]Reported in 160 N. W. 664.

asserts that his contract of insurance cannot be impaired by this statute, because his policy was issued before the statute was enacted, and seems to think that defendant violated the terms of the contract by refusing to issue the vacancy permit without payment therefor. But the policy provides that it shall be void if the premises become vacant and remain vacant for more than 30 days without the assent of defendant. It contains no provision requiring defendant to consent that the premises may remain vacant, or to issue a permit therefor, and no provision prescribing the terms upon which such permit may be procured. Refusing to issue the permit without an additional payment infringed no contract right of plaintiff. It was plaintiff who sought to change the contract, not the company. The company offered to make the change desired by plaintiff on the condition that he pay the additional premium, and he could not secure the benefit of the change without making such payment. If he saw fit to make the payment and secure the change, he has no ground for complaint. If he had not done so, the terms of the policy would have remained as fixed by the original contract.

Order affirmed.